IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TIMOTHY STROZIER,

    Plaintiff,

v.                                                             CASE NO. 1:21-cv-155-MW-GRJ

WALMART, INC. and
APEX MEDICAL CORP.,

    Defendants.
_____/

## SECOND REPORT AND RECOMMENDATION

Pending before the Court is Defendant Walmart, Inc.'s ("Walmart") Motion to Dismiss, ECF No. 22, which the District Judge remanded to the undersigned for further consideration, ECF No. 47. In the motion, Walmart contends that Plaintiff's complaint: 1) failed to establish diversity jurisdiction because the amount in controversy does not exceed $75,000; 2) failed to state a claim under Florida law; and 3) improperly commingled two causes of action—negligence and strict liability—neither of which is supported by the factual allegations pleaded in the complaint. The undersigned previously recommended that Walmart's motion was due to be granted on jurisdictional grounds. ECF No. 39. The District Judge disagreed and remanded the motion to the undersigned for consideration of the two (2)

other grounds upon which Walmart moves to dismiss this case. For the following reasons Walmart's motion, ECF No. 22, is due to be denied.

## I. BACKGROUND

Plaintiff, Timothy Strozier ("Strozier"), proceeding *pro se*, commenced this action by filing a complaint naming Walmart and Apex Medical Corp. ("Apex Medical") as Defendants, alleging injuries suffered from Strozier's use of a pair of crutches manufactured by Apex Medical and sold by Walmart. ECF No. 5.

Taking Strozier's allegations are true, the crutches were defective and failed, causing Strozier to fall. ECF No. 5 at 6. Strozier returned the crutches to Walmart where Walmart employees "verbally and physically attacked" him. *Id*. After his hostile encounter with Walmart employees, Strozier suffered a seizure—falling and hitting his head and injuring his teeth. *Id*. at 6-7. Strozier's doctors later diagnosed him with PTSD stemming from the stress he suffered during his encounter with Walmart employees. *Id*. at 7. Strozier also underwent an MRI and EEG, among other tests. *Id*.

For relief, Strozier seeks $171,117.01 from Walmart for "constant pain" that he has endured "for over 1,458 days." ECF No. 5 at 7.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a challenge to the sufficiency of the allegations set forth in the complaint.  Dismissal is appropriate when a plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"  *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  A "[p]laintiff's allegations must amount to 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Hunt*, 814 F.3d at 1221 (quoting *Twombly,* 550 U.S. at 555).

A *pro se* litigant's allegations are entitled to the benefit of liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).  However, a court does not have "license ... to rewrite an otherwise deficient pleading [by a pro se litigant] in order to

3

sustain an action." *GJR Investments v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), overruled on other grounds by *Iqbal*. A complaint still "must provide a defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" lest a "plaintiff with a largely groundless claim" be allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence.'" *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975) (alteration in original)).

## III.  DISCUSSION

Walmart raises two grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6). ECF No. 22. First, Walmart contends that Strozier failed to state a claim for negligence against it. *Id*. at 7-11. Second, Walmart argues that Strozier improperly commingled his negligence and strict liability claims, and that neither claim is supported by the pleaded facts. *Id*. at 11-13. The Court disagrees.

Strozier's allegations are that he purchased defective crutches from Walmart, and that the defective crutches caused him physical injury.

"Florida law recognizes strict liability claims based on a manufacturing defect." *See West v. Caterpillar Tractor Co.*, 336 So.2d 80, 87 (Fla. 1976). To make a strict liability claim under Florida law, a plaintiff "must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection between such condition and the user's injuries or damages." *Id*. Florida also recognizes negligence claims in relation to manufacturing defects. *See Ford Motor Co. v. Evancho*, 327 So.2d 201, 204 (Fla. 1976) ("[T]he manufacturer should be liable for [a readily foreseeable] injury caused by its failure to exercise reasonable care in the design [of a product].").

For a plaintiff to state a claim against a *seller* for strict liability or negligence related to a defective product, he must establish that his "injuries were caused by a product which was in a defective condition at the time it left the hands of the seller." *Cassisi v. Maytag, Co.*, 396 So.2d 1140, 1146 (Fla. 1st DCA 1981). In the case at hand, Strozier has sufficiently alleged that the crutches he purchased from Walmart were defective at the

time he purchased them and that his injuries were caused by the defect. Accordingly, Walmart is not entitled to dismissal of these claims.[1]

---

[1] As for Strozier's allegations that Walmart employees verbally and physically assaulted him, any claims related to those actions must be brought against the individual employees, not Walmart. To state a cause of action for battery under Florida law, the "plaintiff must suffer a harmful or offensive contact, and the tortfeasor must have intended to cause such contact." *Chorak v. Naughton,* 409 So.2d 35, 39 (Fla. 2nd DCA 1981). To state an intentional infliction of emotional distress claim, a plaintiff must establish "(1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) [t]he conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) [t]he conduct caused emotional distress; and (4) [t]he emotional distress was severe." *Klayman v. Judicial Watch, Inc.,* 22 F.Supp.3d 1240, 1256 (S.D. Fla. 2014) (alterations in original); *Hart v. United States,* 894 F.2d 1539, 1548 (11th Cir.1990) (citations omitted) (setting forth same basic elements under Florida law).

"The general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *Nazareth v. Herndon Ambulance Serv., Inc.,* 467 So.2d 1076, 1078 (Fla. 5th DCA 1985) (citations omitted). An employee's conduct is within the scope of his employment, where "(1) the conduct is of the kind he was employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." *Sussman v. Florida E. Coast Props., Inc.,* 557 So.2d 74, 75-76 (Fla. 3d DCA 1990). "Generally, sexual assaults and batteries by employees are held to be outside the scope of an employee's employment, and therefore, insufficient to impose vicarious liability on the employer." *Nazareth,* 467 So.2d at 1078. An exception may exist where the tortfeasor was assisted in accomplishing the tort by virtue of the employer/employee relationship. *Id.; compare Hennagan v. Dep't of Highway Safety & Motor Veh.,* 467 So.2d 748 (Fla. 1st DCA 1985), with *Agriturf Mgmt., Inc. v. Roe,* 656 So.2d 954 (Fla. 2d DCA 1995).

In this case, Strozier alleges that Walmart employees physically pushed him and verbally abused him (at Walmart) after Strozier complained about the defective crutches. ECF No. 5 at 9-10. Those statements are not sufficient to hold Walmart liable under a theory of *respondeat superior*. *See e.g., Garcia v. Duffy*, 492 So.2d 435, 438 (Fla. 2d DCA 1986) (finding similar allegations insufficient to hold employer liable for employee's assault and battery).

## IV.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Defendant Walmart's Motion to Dismiss, ECF No. 22, should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida this 23rd day of August 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.